HELEN E. READER, *Plaintiff*
1525 E. Lynwood Street
Mesa, AZ 85203

FILED _____ LODGED
_____ RECEIVED _____ COPY

DEC 16 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ B DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## STATE OF ARIZONA

| | |
|---|---|
| **HELEN E. READER**, a married woman, | ) CASE NO: |
| *Plaintiff* | ) VERIFIED COMPLAINT FOR DAMAGES |
| *vs.* | ) |
| **RESIDENTIAL CREDIT SOLUTIONS INC. a/k/a RCS** | ) **CV-13-02568-PHX-SRB** |
| *Defendant* | ) |

**COMES NOW**, the Plaintiff Helen E. Reader complaining of the defendant Residential Credit Solution ("RCS") as follows;

## INTRODUCTION

1. This is an action brought by the Plaintiffs, against the defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C.§1692, Wrongful Foreclosure.

**I.** **THE PARTIES**

2. Plaintiff **"HELEN E. READER"** is a natural person and a resident of the State of Arizona. Plaintiff is a "consumer" as that term is defined in 15 U.S.C.§1692a(3).

3. Defendant **"RESIDENTIAL CREDIT SOLUTIONS"** is a Texas corporation doing business in the State of Arizona. ("hereinafter "RCS") is a debt collector as that term is defined by 15 USC§1692a (6). Defendant RCS can be served at its principle location at 4282 North Fwy, Fort Worth, TX 76137.

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE 5.4 / 7.1 (b) (1)
(Rule Number/Section)

Defendant RCS also has Registered Agent which can be served at 2338 W. Royal Palm Rd. Ste. J, Phoenix, AZ 85021.

## STATEMENT OF FACTS

4.   On or about November 7, 2013 the defendant RCS an unknown entity to the Plaintiff sent a dunning letter styled "Notice of Default and Intent to Accelerate". (*see*, attached "Exhibit A") The dunning letter appears to allege that the Plaintiff is in default on an alleged Deed of Trust for failure to pay an alleged amount due and owing of $183.463.61. Defendant RCS alleges that Plaintiff is in default of some debt obligation since April 1, 2010.

5.   Additionally the dunning letter alleges and threatens that if the amount of $183.463.61 is not received by December 12, 2013 the following actions will be initiated, including but not limited to the following;

1. RCS may take steps to accelerate the sums secured by the Security Instrument including Foreclosure or other action to seize the property as allowed by law.

2. If Foreclosure proceedings are undertaken, it's possible a deficiency judgment might be pursued.

6. Accordingly, Plaintiff is without knowledge of the identity of the unknown party and debt collector defendant RCS. Consequently, Plaintiff is not in default of any alleged loan with Defendant RCS, neither has Plaintiff received any loan, contract, or any other consumer transaction with defendant RCS. Plaintiff does not owe any debt defendant RCS, and Plaintiff disputes the alleged amount demanded by defendant RCS. Plaintiff requested defendant RCS provide proof of their claim, however no such proof has been provided.

7. In response to defendants dunning letter and threat to foreclose on the subject property, Plaintiff served a Notice of Dispute and Request for Validation of

the alleged debt and principal they purport to be acting on behalf of. A true and correct copy of Plaintiff's notice is attached hereto as "Exhibit B".

8. Plaintiff's dispute of the alleged debt was sent to defendant RCS pursuant to 15 USC 1692g, FDCPA, it also referenced 12 USC 2605(e), the Real Estate Settlement Procedures Act (RESPA) and had a dual purpose of serving as a Qualified Written Request ("QWR") under the act. Therefore pursuant to the FDCPA, and RESPA respectively, defendant RCS had an obligation to provide certain disclosures as mandated by federal law. Plaintiff's demand(s) as it relates to the notice of dispute demanded certain specific documentation to support defendant RCS's allegations of a debt and amounts due and owing.

9. On or about November 15, 2013, defendant RCS responded to Plaintiff's legal demands pursuant to the FDCPA, and QWR request. (*see*, attached "Exhibit C") Defendant RCS's response failed to comply with the requirements set forth in 15 USC§1692g, FDCPA and 12 USC§2605(e), RESPA. Accordingly, RCS failed to provide any proper and meaningful documentation and or information requested by Plaintiff as a matter of law. Plaintiff was entitled to this information to ascertain any validity to defendant RCS's alleged debt demands and threats to foreclose on the subject property laid claim to.

10. Instead, defendant RCS made the following unsubstantiated statements in their response letter to Plaintiff in order to appear, but poorly justify their circumvention of federal law;

    1. "Although your letter is captioned as a Qualified Written Request (as defined under the Real Estate Settlement Procedures Act (RESPA) Sec.6). It is our determination that it does not qualify for such treatment, as we cannot find reference to a specific allegation of inaccurate servicing. RCS is required by RESPA to provide information regarding the servicing of the loan or respond to a statement about why you think

the servicing of the account is in error. Servicing is defined very narrowly in RESPA to be the receipt of scheduled payments and attributing those payments to principle and interest, escrow and otherwise as required by the Note. A copy of Note has been enclosed for your reference."....

11. Defendant RCS's response to Plaintiff's legal demands were clearly avoided and not in compliance with federal law. Defendant RCS's inaccurate description of their obligation as a "debt collector" to validate and or verify the alleged debt, alleged Creditor, principal, alleged character amount due and owing on the alleged loan account. Plaintiff has no knowledge of defendant RCS being a legitimate servicer of any alleged loan executed by the Plaintiff. Therefore defendant RCS is a mere debt collector acting and portraying themselves to be servicers acting on behalf of an alleged Lender/Creditor.

12. To the extent defendant RCS proves with admissible evidence to the courts and Plaintiffs satisfaction that it indeed is some sort of servicer acting on behalf of a legitimate Lender/Creditor, defendant RCS remains in Plaintiffs view a stranger and debt collector defined in 15 USC 1692a(6). Furthermore, defendant RCS is in agreement with the title "debt collector" as this notation is clearly reference on their correspondences and dunning letters.

13. Consequently, defendant RCS's claims that Plaintiffs Request for Validation pursuant to 15 USC§1692, and even if applicable to the alleged servicer, Plaintiff's QWR was in compliance with 12 USC 2605, Sec.6. Although Plaintiff denies, and has no doubt defendant RCS is a servicer acting in and for any known creditor and principal, they were required by law to provide specific answers to Plaintiffs requests either as a debt collector, (15 USC§1692g) or in their claimed role of servicer. Should this court conclude that defendant RCS is a legitimate "servicer" liable under 12 USC 2605, RESPA and required to provide

disclosures related to the alleged loan they purport to be acting upon, then RCS failed to perform as required.

14. Plaintiffs QWR demanded the following information in part and in compliance with 12 USC 2605, RESPA as follows;

1. A true and correct copy of the Original alleged Promissory Note in its present condition with all endorsements, Allonge, Assignments, Transfers, Sales etc.
2. A copy of the Pooling and Service Agreement, Prospectus for the alleged REMIC that purports to own the property.
3. We dispute all amounts alleged, specifically the allegation we owe any party $176558.69. Therefore we require a complete transaction history based on the original date of the alleged loan. Be advised if it appears this alleged loan was securitized, therefore all payment history must come from the REMIC transaction records.
4. Validation/Verification of your alleged debt, from the true alleged Creditor.
5. A letter from the Creditor, Lender authorizing RCS to collect on the alleged debt, and make threats of foreclosure.

15. Plaintiffs requests were clear, unambiguous and squarely within Plaintiffs rights to be able to ascertain first what debt is alleged, who is owed the alleged debt, what amount is owed and how was that amount determined, who defendant RCS is purportedly acting for, a full audit of the alleged account, and documents to support defendant RCS's claims. These requirements of defendant RCS if determined to be a legitimate "servicer" of any magnitude to provide specific disclosures to a consumer is non-negotiable and not subject to dispute.

16. In speaking of dispute, Plaintiff on the other hand deems defendant RCS a mere "debt collector" acting for no true creditor, rather on behalf of themselves. In that case Plaintiff's notice dispute of debt served upon defendant RCS pursuant to 15 USC§1692g, specifically and directly applies to defendant RCS. However

defendant RCS appears to have failed to provide verification and or validation of their alleged debt pursuant to 15 USC§1692g, FDCPA.

17.  Plaintiff is without specific knowledge of the alleged debt defendant RCS claims Plaintiff owes them. Plaintiff denies any debt is owed to defendant RCS, or that RCS is acting in a capacity of a servicer in any manner. Furthermore defendant RCS's threats of taking action to foreclose on the subject property is without merit as defendant RCS lacks capacity and standing to levy those claims.

18.  Consequently, since defendant RCS's dunning notices fails to contain the name of an alleged creditor, Lender or otherwise, that it is allegedly action on behalf of, Plaintiff was forced to file suit, and subsequent trial and discovery to acquire this information. Defendant RCS's response to Plaintiff's request for validation and or verification of the alleged amount owed, contained computer screen print outs various conflicting calculations and figures that was without rhyme, reason or mathematical sense. (*see*, "Exhibit B") Therefore even if Plaintiff was to recognize an alleged debt owed, Plaintiff would be unable to calculate the alleged amount owed based on hearsay documentation that fails to provide any clarity mathematically.

19. Defendant RCS has shown that it engages in collusion, in a pattern and premeditated strategy to confuse, abuse, harass and intimidate a consumer with malice. Defendant RCS has failed to comply with Plaintiffs requests which are wholly supported by the federal consumer protection laws. Defendant RCS dunning notices were drafted in a manner to cause confusion to Plaintiff a least sophisticated consumer. Specifically, the dunning letter and demand for an amount of $180.463.61, (disputed) supported by a conflicting ledger spread sheets that offer no justification of their alleged debt.

## FIRST CAUSE OF ACTION
## VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT

20.  Paragraphs 1-19 are re-alleged as though fully set out herein.

21.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

22.  Plaintiff is a "consumer" as defined in 15 USC§1692a (3). Defendant RCS are "debt collectors" as defined in 15 USC§1692a (6). Defendant RCS were attempting to collect a "debt" for "household purposes 15 USC 1692a (5). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.**

For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.

23.  Plaintiff served defendant RCS with a Notice of Dispute in compliance with 15 USC§1692g. 15 USC§1692g requires defendant to provide Plaintiffs with verification of the alleged debt once received. 15 USC§1692g (5)(b) requires defendant RCS to cease all collection activity until the debt collector obtains *verification* of the alleged debt. Defendants and each of them has failed to provide one scintilla of proof of their alleged debt. However defendant continues to attempt

collection of the alleged debt by sending dunning letters, and demands for payment without verifying and or validating the alleged debt.

24. Defendant RCS appears to have violated the FDCPA, and caused significant damages to Plaintiff by their failure to comply with the Act. Defendant's violations include, but are not limited to the following;

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

   b. Defendant violated §1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

   c. using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692f;

   d. Defendant violated the 15 USC§1692(e)(8) requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is "acquired."

25. Furthermore 15 USC§1692i states the following;

> **(a) Venue**
> Any debt collector who brings any legal action on a debt against any consumer shall—
> **(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
> **(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or
(B) in which such consumer resides at the commencement of the action.
**(b) Authorization of actions**
Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.

26.  In light of the 15 USC§1692i, even if defendant RCS was attempting to enforce a legitimate debt which is wholly denied by the Plaintiff, defendant RCS is mandated by law to enforce such action judicially. Therefore defendant RCS although it claims to be a "servicer" of some sorts, it would have to bring a judicial action to collect on the alleged debt.

27. Therefore defendant RCS appears to be liable to Plaintiff pursuant to 15 USC§1692k, which includes a statutory damage of $1000.00 plus actual damages, costs and fees.

## SECOND CAUSE OF ACTION
## VIOLATION OF 12 USC§2605, RESPA

28. Paragraphs 1-27 are re-alleged as though fully set out herein.

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

30. Plaintiff's served defendants on November 1, 2013 with a "Qualified Written Request" as defined in 12 USC§2605(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA"). Thus Plaintiff's letters had the dual effect of invoking Plaintiff's rights under TILA §131(f), 15 USC§1692 as well, Plaintiff's rights under RESPA §2605(e)(1). 12 USC§2605e (1)(A) as amended and effective July 16, 2010 by the Dodd Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

31. Defendants did not respond within 20 days to Plaintiff's request for the name of the owner and holder of the alleged Note as required by §2605(e)(1) of RESPA 12 U.S.C.§2605(e)(1). Defendants' was required to provide a certified

copy of the alleged Note (front and back) in its present condition. However defendant RCS failed to provide the required documentation pursuant to the RESPA.

32. Defendant RCS in its response to Plaintiff's QWR request, made the legal conclusion that Plaintiff was not entitled to the disclosures required to be provided by the Act.

33. Defendants failure to respond to Plaintiffs requests constitutes violations of Title 12 USC§2605, RESPA and are therefore liable to Plaintiff in the amount of $2000.00 per violation.

**THIRD CAUSE OF ACTION**
**WRONGFUL FORECLOSURE**

34. Paragraphs 1-33 are re-alleged as though fully set out herein.

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

<u>DEFENDANT RCS IS NOT BENEFICIARY, CREDITOR, OR LENDER</u>

36. The Notice of Default and Intent to Accelerate served upon Plaintiff on November 7, 2013 is invalid because a foreclosure sale of the subject property on behalf of Defendant RCS would be invalid and wrongful.

37. Defendant RCS cannot conduct a valid foreclosure sale on behalf of itself, as it has no interest in the subject property, is a mere debt collector, and is not a servicer for a legitimate Lender or Creditor. Defendant RCS's Notice of Default and Intent to Accelerate contained no mention of a principal, creditor, Lender or Mortgagee it purports to act on behalf, if such entity exist. Consequently, even if defendant RCS was acting in a servicer capacity for a genuine legitimate Lender, a Deed of Trust does not allow a servicer to take such action. Specifically a standard and common Deed of Trust, Section ¶22 states the following;

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall record a notice of sale in each county in which any part of the Property is located and shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. After the time required by Applicable Law and after publication and posting of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place designated in the notice of sale. Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

38. Therefore a common Deed of Trust expressly authorizes only a Lender to accelerate a legitimate loan, not an alleged servicer and indeed not a third party intervener debt collector. Any attempted foreclosure sale of the subject property would therefore be invalid and wrongful.

39. For the reasons stated above, there is a likelihood that Plaintiffs will prevail on the merits of their wrongful foreclosure claim. If Defendant RCs are permitted to rely on the void and wrongful Notice of Default and Intent to Accelerate in order to complete this illegal foreclosure process by conducting a Trustee's sale and issuing a Trustee's Deed Upon Sale against the subject property. Such injury is irreparable and cannot be adequately compensated by financial means. Moreover, real property is considered unique in Arizona, and monetary damages are deemed inadequate to compensate Plaintiffs for the loss thereof. *Stockton v. Newman*, 148 Cal. App. 2d 558, 564 (1957).

///////

///////

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays the court find Defendant RCS liable to Plaintiff for damages as follows;

1. For Declaratory Relief, including the following Decrees of this Court that:

    a. Plaintiff is the prevailing party;

    b. For Declaratory judgment that Defendant's conduct violated the 15 USC§1641g, and 12 USC§2605(e);

    c. Actual, and consequential damages in an amount determined at trial;

    d. Punitive damages in an amount determined at trial;

    e. statutory damages of $1000.00 per violation, plus actual and punitive damages of law pursuant to 15 U.S.C.§1692k.

    f. costs and fees pursuant to 15 U.S.C. §1692k.

    g. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

    h. statutory damages of $2000.00 for violations of 12 USC§2605(f)(g) ,TILA 131(f)(g) actual and punitive damages, and any other such damages deemed appropriate by the court.

    i. For any such other relief to be determined by the court.

Dated: December 5, 2013

By: *Helen E. Reader*

Helen E. Reader, *Plaintiff*

## EXHIBIT A
DEFENDANT RCS ALLEGED NOTICE OF DEFAULT AND INTENT TO ACCELERATE



11/07/2013

Sent Via Certified Mail
71⁷⁶ ⁹00⁶ ⁹2⁹7 0⁴⁶⁶ ⁶⁹¹¹

HELEN E READER
1525 E LYNWOOD ST
MESA, AZ 85203-2078

Loan Number:     2000736919
Property Address:  1525 E LYNWOOD ST
                   MESA, AZ 85203

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Dear HELEN E READER:

This letter is formal notice by Residential Credit Solutions, Inc. (herein as "RCS")  that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

The loan is due for 04/01/2010 and subsequent payments, plus late charges, fees and costs. As of today, the total delinquency and reinstatement amount is $180,463.61, which consists of the following:

| | | | |
|---|---|---|---|
| Next Payment Due Date: | | | 04/01/2010 |
| Total Monthly Payments Due: | | | $171,310.48 |
| April 2010 To November 2013 | at | $3,893.42 | |
| Late Charges: | | | $6,939.25 |
| Other Charges: | Uncollected NSF Fees: | | $0.00 |
| | Other Fees: | | $2,213.88 |
| | Corporate Advance Balance: | | $0.00 |
| | Unapplied Balance: | | ($0.00) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | | | **$180,463.61** |

**It is possible that after payment of the amounts detailed above there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances that RCS paid on your behalf or advanced to your account.**

This letter is a formal demand to pay $180,463.61. If the default, together with additional payments that subsequently become due, is not cured by 12/12/2013, RCS may take steps to accelerate the sums secured by the Security Instrument, including foreclosure or other action to seize the property as allowed by law.  If foreclosure proceedings are undertaken, it's possible that a deficiency judgment might be pursued.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, RCS offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives. If you would like to learn more about these programs, you may contact the Loss Mitigation Department (800) 737-1192, Monday through Thursday 7 a.m. to 11 p.m., Friday 7 a.m. to 9 p.m., and Saturday 8 a.m. to 2 p.m. CST. WE ARE VERY INTERESTED IN ASSISTING YOU.

 The default above can be cured by payment of the total delinquency and reinstatement amount plus any

additional payments and fees that become due by 12/12/2013. Note that in addition to the regular monthly payments, additional charges, costs and fees may become due during the period between today's date and the date the aforementioned payments are due. You may contact our Collection Department at (800) 737-1192 to obtain updated payment information.

Please include your loan number and property address with your payment and send to:

Residential Credit Solutions, Inc.
P.O. Box 650090
Dallas, TX 75265-0090

If you wish to dispute the delinquency, or if you dispute the calculation of amount of the delinquency and reinstatement amount, you may contact us by calling (800) 737-1192.

You have the right to reinstate the loan after acceleration, and to bring a court action to assert the non-existence of a default or any other defense to acceleration or foreclosure sale. Failure to respond to this letter may result in the loss of your property. To the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy case, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect a debt as your personal obligation. If you are represented by an attorney, please provide us with the attorney's name, address and telephone number.

**Attention Servicemembers and dependents:** Servicemembers and spouses or other dependents of a servicemember may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA"), such as a possible interest rate reduction or assistance in avoiding foreclosure. Servicemembers and spouses or other dependents of a servicemember with questions about the SCRA may contact their unit's Judge Advocate or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil; (800) 342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll-free at (800) 737-1192 if you have questions about your rights under SCRA.

For your benefit and assistance, there are government approved homeownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call (800) 569-4287 or by visiting http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. You may also contact the Homeownership Preservation Foundation's Hope hotline at (888) 995-HOPE (4673).

This matter is very important. Please give it your immediate attention.

Sincerely,

Residential Credit Solutions, Inc.
P.O. Box 163229
Fort Worth, TX 76161-3229
(800) 737-1192

FEDERAL LAW REQUIRES US TO ADVISE YOU THAT RESIDENTIAL CREDIT SOLUTIONS, INC. IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION. IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE US WITH THE ATTORNEY'S NAME, ADDRESS AND TELEPHONE NUMBER.

NOLIGNCM01
Page 3 of 3

## EXHIBIT B
## PLAINTIFFS DEBT VALIDATION DISPUTE OR IN THE ALTERNATIVE QUALIFIED WRITTEN REQUEST

RCS                                                    November 1, 2013
RESIDENTIAL CREDIT SOLUTIONS, INC
ATT: LOSS DRAFT
PO BOX 792463
SAN ANTONIO, TX 78279

Helen Reader
Property Address: 1535 E. Lynwood Street, Mesa AZ 85203

Re; Addendum and Disclaimer Regarding Insurance Proceeds

### RCS Legal Department;

This correspondence is in response to a Notice of Intent sent us on October 29, 2013. Your notice appears to make idle threats of foreclosure against the subject property, and references an alleged loan was referred to local counsel on January 12, 2010. Accordingly, as you are aware the attempt to foreclosure on the subject property on January 12, 2010 was thwarted by a lawsuit against all parties involved. That case is now on appeal in the Ninth Circuit Court of Appeals.

You are hereby noticed that your notice is hereby taken as a threat to seize the subject property you are legally unable to carryout. Interestingly, RCS is a debt collector as that term is defined by 15 USC§1692a(6), Helen Reader is a consumer as that term is defined by 15 USC§1692a(3). Consequently RCS is not a creditor, never loaned any money to Helen Reader, and Ms. Reader never applied for any services from RCS. In fact RCS is a total stranger to any alleged transaction that may have occurred, therefore lacks any admissible evidence to prove such alleged debt. RCS is a third party debt collector pursuant to 15 USC§1692, FDCPA, 15 USC 1692i states the following;

    **(a) Venue**
    **(b)** Any debt collector who brings any legal action on a debt against any consumer shall—

**(c) (1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

**(d)(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

**(e) (A)** in which such consumer signed the contract sued upon; or

**(f) (B)** in which such consumer resides at the commencement of the action.

Accordingly, you have no standing, capacity or authority to bring any such action against us in any manner. Furthermore, our case on appeal forbids you or any other party to take any action against myself or the subject property prior to a determination by the court. However, even if the case was not on appeal, RCS lacks any interest in the subject property or alleged debt. Therefore any attempt by RCS to conduct any collection action including but not limited to an illegal foreclosure action against the property, will result in a lawsuit being filed against you without further notice.

Clearly, we have demonstrated the propensity to sue any third, fourth, fifth party debt collector masquerading themselves as a creditor and or Lender. Lastly, since RCS alleges they are a Creditor, Lender, and or Secured party you are demanded to provide the following information. The request for the information listed below are being made pursuant to 15 USC§1692g, 15 USC§1641g, 12 USC§2605 respectively.

We demand the following;

1. Validation/Verification of your alleged debt, from the true alleged Creditor. Pursuant to 15 USC 1641g, the name and address of the alleged Creditor.

2. We dispute all amounts alleged, specifically the allegation we owe any party $176558.69. Therefore we require a complete transaction history based on the original date of the alleged loan. Be advised if it appears this

alleged loan was securitized, therefore all payment history must come from the REMIC transaction records.

3. A true and correct copy of the Original alleged Promissory Note in its present condition with all endorsements, Allonge, Assignments, Transfers, Sales etc.

4. A copy of the Pooling and Service Agreement, Prospectus for the alleged REMIC that purports to own the property.

5. A copy of RCS Business License to perform debt collection services in the State of Arizona.

6. A letter from the <u>Creditor</u>, <u>Lender</u> authorizing RCS to collect on the alleged debt, and make threats of foreclosure.

7. Full chain of title, including an accounting for each and every payment, debit, charge, escrow, fees and any other accounting germane to your alleged account.

Please be advised that each of the requests stated above has a mandatory response time pursuant to their laws, failure on your part to provide the information timely will result in further damages.

**Regards,**

**/s/Helen Reader**

## EXHIBIT C

DEFENDANT RCS RESPONSE TO PLAINTIFF'S QUALIFIED WRITTEN
REQUEST AND DEBT VALIDATION DISPUTE



November 15, 2013

Helen E. Reader
1525 E. Lynwood Street
Mesa, AZ 85203

Re: RCS Loan Number: 2000736919

Dear Customer(s):

This letter is in response to the correspondence received by Residential Credit Solutions, Inc. (RCS) for the loan referenced above.

Please be advised that above loan transferred from Bank of America to RCS, effective September 16, 2013. A copy of the Notice of Assignment, Sale, or Transfer of Servicing Rights has been enclosed for your reference.

Although your letter is captioned as a Qualified Written Request (as defined under Real Estate Settlement Procedures Act ("RESPA") Sec. 6), it is our determination that it does not qualify for such treatment, as we cannot find reference to a specific allegation of inaccurate servicing. RCS is required by RESPA to provide information regarding the servicing of the loan or respond to a statement about why you think the servicing of the account is in error. Servicing is defined very narrowly in RESPA to be the receipt of scheduled payments and attributing those payments to principal and interest, escrow, and otherwise as required by the Note. A copy of the Note has been enclosed for your reference.

If you are questioning a specific event with respect to this account, or have a specific allegation of improper servicing, please advise us of such in a letter. A copy of your payment history is enclosed in the hopes it will answer any specific servicing question you may have.

If you should have any questions and need to speak with someone at RCS, please feel free to contact us at our toll free number at (800) 737 - 1192. Our Customer Service Representatives are available Monday through Thursday between the hours of 7:00 AM and 11:00 PM, Friday between the hours of 7:00 AM and 9:00 PM, and Saturday between the hours of 8:00 AM and 2:00 PM, Central Standard Time.

Thank you,
Customer Relations
Residential Credit Solutions, Inc.

NOTICE: If you have received a Chapter 7 bankruptcy discharge, Residential Credit Solutions, Inc. recognizes that the discharge relieves you of all personal liability on the loan. This is not an attempt to collect this debt from you personally. We are in no way attempting to revive your personal liability on your obligation. We do retain the right, however, despite the discharge, to enforce our security interest against the property by foreclosing if a default exists.

OL0803            Residential Credit Solutions, Inc. – NMLS No. 1514
                  P.O. Box 163889, Ft Worth, TX 76161-3889
                  Website: www.residentialcredit.com



**RCS** RESIDENTIAL CREDIT SOLUTIONS, Inc.

REPRESENTATION OF PRINTED DOCUMENT

P.O. Box 163889
Fort Worth, TX 76161-4389
1-800-737-1192

HELEN E READER
1525 E LYNWOOD ST
MESA AZ 85203-2078

11/08/13

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Re: Loan No. 2000738919   Prior Loan No 185542727
Property: 1525 E LYNWOOD ST
MESA AZ 85203

Dear Valued Customer

Welcome to Residential Credit Solutions, Inc ("RCS"). We are pleased to inform you that effective 9/16/2013 we will provide loan servicing on your account. This assignment, sale or transfer of the servicing of your mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan. If you elected for mortgage life, disability insurance or any other type of optional insurance with your previous servicer, this service will not be continued upon transfer. If you have questions or would like to continue any optional insurance coverage's please contact BANK OF AMERICA N.A. at 1-800-669-6607 to answer any questions you may have about continuing coverage. Effective 9/16/2013, your previous loan servicer, BANK OF AMERICA N.A., will no longer accept payments for your loan. Beginning 9/16/2013, please make your payments to RCS at the address provided below.

We have assigned you loan number 2000738919. Please include this number on all payments and correspondence to RCS so that there is no delay in processing your payment or your correspondence. If your account is in a past due status with your prior servicer, we strongly encourage you to speak with one of our representatives regarding possible workout options to bring your loan current.

The toll-free telephone number for RCS is 1-800-737-1192. If you have any questions, you may contact us, Monday through Thursday between 7:00 A.M. - 11 P.M. CST, Friday between 7:00 A.M. - 9:00 P.M. CST, and Saturday between 8:00 A.M. - 2:00 P.M. CST. Please use the following addresses for RCS:

PAYMENTS
Residential Credit Solutions
P.O. Box 650090
Dallas, TX 75265-0090

CORRESPONDENCE
Residential Credit Solutions, Inc
P.O. Box 163889
Fort Worth, TX 76161-3889

You have certain consumer rights which are summarized below, and detailed in Section 6 of the Real Estate Settlement Procedures Act ("RESPA"), Section 6 (12 USC 2605): If you send a "Qualified Written Request" ("QWR") to your loan servicer concerning the servicing of your loan, the servicer may either (i) acknowledge receipt of your request in writing within 5 business days of receipt, in which case the servicer has 30 business days from receipt to resolve the issue or provide a written explanation, or (ii) resolve your request and send written notice to you of that resolution within the 5 business day period. A QWR is written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you send a QWR regarding the servicing of your loan, it must be sent to the Correspondence address listed above.

No later than 30 business days after receiving your request, your servicer must make any appropriate corrections to your account if necessary, and must provide you with written explanation or clarification regarding any dispute. During this period, information will not be sent to a consumer reporting agency concerning any overdue payment related to the QWR, however, this does not prevent the servicer from collecting, pursuing remedies or initiating foreclosure if proper grounds exist under the mortgage documents. During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new servicer as late, and a late fee may not be imposed on you.

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

Once again, welcome to RCS. We look forward to servicing your loan.

Sincerely,

Residential Credit Solutions, Inc.

Residential Credit Solutions is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.
Website: www.residentialcredit.com

-------------------------------------------------

### TEMPORARY PAYMENT COUPON
Make checks payable to Residential Credit Solutions

HELEN E READER
1525 E LYNWOOD ST
MESA AZ 85203-2078

| | |
|---|---|
| Loan Number | 2000738919 |
| Date | 11/08/13 |

Residential Credit Solutions
P.O. Box 650090
Dallas, TX 75265-0090

Description _____

Enclosed Amount _____

INTERNET REPRINT

**Residential Credit Solutions is a debt collector; any information obtained may be used for this purpose.**

OL0803

Residential Credit Solutions, Inc. – NMLS No. 1514
P.O. Box 163889, Ft Worth, TX 76161-3889
Website: www.residentialcredit.com

HOTH_CIP6R1SB_2000736919_11152013_0000.txt

```
RESIDENTIAL CREDIT SOLUTIONS     -658
4708 MERCANTILE DRIVE  NORTH                              PAGE        1
.                                                        DATE 11/15/13
FORT WORTH           TX 76137

                                         HISTORY FOR ACCOUNT 2000736919

        --------- MAIL -------------------- --------- PROPERTY ----------------

        HELEN E READER

        1525 E LYNWOOD ST                    1525 E LYNWOOD ST

        MESA                 AZ 85203      MESA              AZ 85203

------ DATES ------   ---- CURRENT BALANCES -----   ------- UNCOLLECTED -------
PAID TO    03/01/10   PRINCIPAL          649950.00   LATE CHARGES          0.00
NEXT DUE   04/01/10   ESCROW             -15628.89   OPTIONAL INS          0.00
LAST PMT   03/01/10   UNAPPLIED FUND      24092.62   INTEREST              0.00
AUDIT DT   09/19/13   UNAPPLIED CODES         L      FEES              -2221.88
                      BUYDOWN    FUND       0.00     ------ YEAR TO DATE -------
     LAST ACTIVITY    BUYDOWN    CODE               INTEREST              0.00
        11/08/13                                     TAXES              1513.32
------------------------------------------------------------------------------
POST   TRN  DUE    TRANSACTION      PRINCIPAL      INTEREST       ESCROW
DATE   CDE  DATE     AMOUNT           PAID           PAID          PAID
------ ---  ------ --------------- ------------- ------------- -------------
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          15.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110         500.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          44.88 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          95.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110          20.00 166 CORP ADV 5 PRIOR SVCR
091913 FB  030110         120.00 166 CORP ADV 5 PRIOR SVCR

   OTH10265*

HISTORY FOR ACCOUNT  2000736919
                                                         PAGE        2
                                                        DATE 11/15/13

        --------- MAIL -------------------- --------- PROPERTY ----------------
                              Page 1
```

HOTH_CIP6R1SB_2000736919_11152013_0000.txt

HELEN E READER

1525 E LYNWOOD ST                        1525 E LYNWOOD ST

MESA                      AZ 85203    MESA                    AZ 85203

| POST DATE | TRN CDE | DUE DATE | TRANSACTION AMOUNT | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID |
|-----------|---------|----------|--------------------|----------------|---------------|-------------|
| 091913 | FB | 030110 | 899.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 091913 | FB | 030110 | 12.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 091913 | FB | 030110 | 15.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 091913 | FB | 030110 | 15.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 091913 | FB | 030110 | 15.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 091913 | FB | 030110 | 15.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 091913 | FB | 030110 | 15.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 091913 | FB | 030110 | 15.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 091913 | FB | 030110 | 15.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 091913 | FB | 030110 | 65.00 | 166 CORP ADV 5 PRIOR SVCR | | |
| 092313 | UFL | 030110 | UNAPPLIED FUNDS (4) | | | |
| 092313 | SR | 030110 | 36138.92 | .00 | 36138.92 BALANCE | 36138.92 |
| 100113 | FB | 030110 | 11.50 | 11 PROP INSPECTION FEE | .00 | .00 |
| 100913 | UFL | 030110 | UNAPPLIED FUNDS (4) | | -12046.30 BALANCE | |
| 101413 | N70 | 030110 | -12046.30 | PAYEE = 8000.00880 | .00 | 24092.62 |
| 103013 | E90 | 030110 | -1513.32 | PAYEE = 0007.00000 | .00 | .00 |
| 110813 | FB | 030110 | 11.50 | 11 PROP INSPECTION FEE | .00 | -1513.32 |
|  |  |  | 8.00 | 99 NOR/BREACH FEE | | |

END OF HISTORY

OTH1026S

# <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this verified Complaint and Summons will be served in compliance with FRCP. Rule 4.