Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (602) 842-3368
Facsimile: (949) 608-9142

Attorneys for *Defendant*
Residential Credit Solutions, Inc.

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helen E. Reader,<br><br>          Plaintiff,<br><br>vs.<br><br>Residential Credit Solutions Inc. a/k/a RCS,<br><br>          Defendant. | Case No. 2:13-cv-02568-DJH<br><br>**DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

*Defendant* Residential Credit Solutions, Inc. ("RCS"), by and through counsel undersigned, hereby submits the following proposed findings of fact and conclusions of law pursuant to this Court's Order dated October 20, 2015 (Doc. 67).

### I. FINDINGS OF FACT

1. On or about March 23, 2007, Plaintiff executed a promissory note in the amount of $650,000.00 ("Note") which was secured by a Deed of Trust ("Deed of Trust") recorded against the property located at 1525 East Lynwood Street, Mesa, Arizona 85203 ("Property").[1]

2. The original beneficiary of the Deed of Trust was Mortgage Electronic Registration Systems, Inc.; the original lender was America's Wholesale Lender; and the original trustee was Fidelity National Title Insurance Company.

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan."

3. On January 15, 2010, a Corporation Assignment of Deed of Trust Arizona was recorded conveying the Deed of Trust from the original beneficiary to The Bank of New York Mellon fka the Bank of New York, as Trustee for the benefit of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-7 Mortgage Pass-Through Certificates, Series 2007-7.

4. On January 15, 2010, a Substitution of Trustee was recorded appointing ReconTrust Company as trustee under the Deed of Trust.

5. A Notice of Trustee's Sale was recorded on January 15, 2010

6. On January 17, 2013, a Cancellation of Notice of Sale was recorded.

7. On September 16, 2013, RCS began servicing the Loan.

8. On November 1, 2013, Plaintiff sent RCS written correspondence disputing RCS' ability to collect on the Loan under Section 1692g(b) ("Dispute Letter").

9. On November 8, 2013, RCS sent Plaintiff written correspondence advising that RCS was the new servicer of the Loan.

10. On November 15, 2013, RCS sent Plaintiff written correspondence responding to Plaintiff's Dispute Letter ("Response Letter").

11. The Response Letter says that a copy of the Note is enclosed.

12. A copy of the Note and the Loan's payment history were enclosed with the Dispute Letter.

13. The Note contained the name and address of the original creditor.

14. RCS provided Plaintiff with the name and address of the original creditor within 30 days of Plaintiff's Dispute Letter.

15. RCS, as the servicer of the Loan, was authorized to verify the debt without obtaining separate written verification from the beneficiary.

16. RCS did not engage in any collection activities between the November 1, 2013 Dispute Letter and the November 15, 2013 Response Letter.

17. Even if RCS failed to enclose a copy of the Note with the Dispute Letter, RCS' failure to do so was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

18. RCS had procedures in place reasonable adapted to avoid sending out correspondence without enclosing documents that the letter states are enclosed.
19. Plaintiff brought this action in bad faith and for the purpose of harassment.
20. Defendant has incurred attorney's fees and costs in this action.
21. Any finding which should be a conclusion of law shall be construed as such.

## II. CONCLUSIONS OF LAW

1. RCS did not violate 15 U.S.C. § 1692g(b).
2. RCS verified the Loan pursuant to 15 U.S.C. § 1692g(b).
3. RCS is not liable for damages under 15 U.S.C. § 1692k.
4. RCS is entitled to reasonable attorney's fees and costs.
5. Any conclusion which should be a finding of fact shall be construed as such.

**RESPECTFULLY SUBMITTED** this 20th day of November 2015.

**WRIGHT, FINLAY & ZAK, LLP**

/s/ *Kim R. Lepore*
KIM R. LEPORE
Attorneys for *Defendant* Residential Credit Solutions, Inc.

ORIGINAL of the foregoing was electronically filed this 20th day of November 2015.

COPY of the foregoing was mailed this 20th day of November 2015 to:

Helen Reader
1525 E. Lynwood Street
Mesa, AZ 85203
Plaintiff *in propria persona*

/s/ *Gretchen Grant*
GRETCHEN GRANT